## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 08-308** |
| **BLAIR ARROYO** | **SECTION: "S"** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Reduce Sentence** (Compassionate Release) (Rec. Doc. 184) is **DENIED**.

### BACKGROUND

On May 21, 2009, defendant pleaded guilty to a superseding bill of information charging him with conspiracy to possess with the intent to distribute 500 grams or more of cocaine hydrochloride, possessing firearms in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c), and one count of having a prior felony drug conviction. Defendant was sentenced to 180 months imprisonment. He is currently housed at Federal Prison Camp, Forrest City in Arkansas, and his projected release date is December 17, 2021.

On April 16, 2020, defendant filed a motion to reduce his sentence (compassionate release), which the court denied without prejudice due to failure to exhaust remedies on April 29, 2020. Defendant filed the instant renewed motion to reduce sentence on July 24, 2020. In support of the motion, he has attached, a response from the Bureau of Prisons denying his compassionate release request. He has also included medical records that reflect a diagnosis of hepatitis C, high cholesterol, and back pain stemming from disc issues. The Government opposes

the motion, arguing that defendant has not demonstrated the extraordinary or compelling circumstances required for a compassionate release.

## DISCUSSION

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010). Under that section, a court may grant a motion for a reduction in his sentence only if the motion is filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Once exhausted, a defendant must establish "extraordinary and compelling reasons" for a modification of his sentence. 18 U.S.C.A. § 3582(c)(1)(A)(i).

### *Failure to Exhaust Administrative Remedies*

"The requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional." United States v. Mingo, 2020 WL 2308635, at *2 (E.D. La. May 8, 2020) (quoting United States v. Gentry, No. 03-50033, 2020 WL 2131001, at *2 (W.D. La. May 5, 2020) (citing United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010)); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing the defendant's failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point")). The exigencies of the COVID-19 pandemic do not alter this requirement. Id. (citing United States v. Guyton, 2020 WL 2128579, at *2 (E.D. La. May 5, 2020)(internal citation

omitted) (collecting cases)("This conclusion is supported by a number of cases in which courts

have addressed motions for compassionate release under the [First Step Act] due to COVID-19

and found they do not have the authority to address those motions when the defendants have not

first satisfied the exhaustion requirements[.]")).

In order to "fully exhaust all administrative remedies," the applicable regulations provide

as follows:

> An inmate who is not satisfied with the Warden's response may submit an Appeal
> on the appropriate form (BP–10) to the appropriate Regional Director within 20
> calendar days of the date the Warden signed the response. An inmate who is not
> satisfied with the Regional Director's response may submit an Appeal on the
> appropriate form (BP–11) to the General Counsel within 30 calendar days of the
> date the Regional Director signed the response. When the inmate demonstrates a
> valid reason for delay, these time limits may be extended. Valid reasons for delay
> include those situations described in § 542.14(b) of this part. Appeal to the
> General Counsel is the final administrative appeal.

28 C.F.R. § 542.15(a); see also 28 C.F.R. § 571.63.

The record in this case reflects that defendant filed his compassionate release request on

an "Inmate Request to Staff" form on May 14, 2020. It was denied on May 27, 2020, in a

memorandum that informed defendant of his right to appeal the decision within 20 days on form

BP-9,[1] the initial filing form for a formal written Administrative Remedy Request. 28 C.F.R. §

542.14. On June 4, 2020, defendant filed his formal Administrative Remedy Request, requesting

to be released to home confinement.[2] That request was received on July 2, 2020 and denied on

July 22, 2020, in a response that informed defendant that if dissatisfied, he was entitled to appeal

---

[1]Rec. Doc. 184, p. 23.

[2]Rec. Doc. 184, p. 29.

to the Regional Director. No further appeal was filed. Accordingly, defendant has failed to fully

exhaust his administrative remedies.[3]

   **IT IS HEREBY ORDERED** that defendant's **Motion to Reduce Sentence**

(Compassionate Release) (Rec. Doc. 184) is **DENIED**.

   New Orleans, Louisiana, this ___5th___ day of August, 2020.

MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[3]Even if the exhaustion requirement were construed as a non-jurisdictional claims-processing rule waived by the Government, defendant has not established that any extraordinary or compelling reasons exist for modifying his sentence. Defendant argues that he has hepatitis C, slipped and bulging disks, and high cholesterol. He further contends that these conditions are "further complicated by the COVID-19 global  pandemic." However, the medical records attached to his motion reflect that all of these conditions are adequately managed in prison, and do not make him especially susceptible to COVID-19 or its attendant risks. Defendant receives carbamazepine and ibuprofen for his back, and atorvastatin for his high cholesterol. His hepatitis predates his incarceration, was documented and considered in his pre-sentencing report, and appears to be asymptomatic. There is no evidence that he has cirrhosis, significant heart problems, or any symptoms that make him unable to provide self-care in the facility. Accordingly, he has not demonstrated a medical basis for a modification.

   No extraordinary and compelling family circumstances are present either. Defendant's son has graduated from high school and is enrolling at Ole Miss this month. Thus, it is unclear if his son is even a minor, and defendant does not specifically allege that he is. Moreover, despite that fact that defendant's parents' are aging and are house-bound due to COVID-19, that does not necessarily render them unable to assist their grandson.

4